MEMORANDUM **
In No. 06-55403, Plaintiff Andy Atighi appeals pro se the district court’s order affirming the bankruptcy court’s judgment in favor of Defendants Robert Green, Elizabeth Green, and the Green Family Trust, upholding the validity of a foreclosure sale. In No. 06-55647, Plaintiff appeals the district court’s award of attorneys’ fees to Defendants. We review de novo the district court’s decision on appeal from a bankruptcy court, Suncrest Healthcare Center LLC v. Omedga Healthcare Investors (In re Raintree Healthcare Corp.), 431 F.3d 685, 687 (9th Cir.2005), and review for abuse of discretion the district court’s grant of attorneys’ fees, Childress v. Darby Lumber, Inc., 357 F.3d 1000, 1011 (9th Cir.2004). We affirm.
1. The bankruptcy court’s amended order dated November 5, 2004, 317 B.R. 792, granted judgment to Defendants on *285 two independent bases: waiver and the merits of the validity of the foreclosure sale. We reject Plaintiffs argument that we review the bankruptcy court’s initial order, which granted judgment to Defendants on the basis of waiver only, because that order was superseded. Cf. Munden v. Ultra-Alaska Associates, 849 F.2d 883, 386 (9th Cir.1988) (“An amended judgment supersedes the original judgment.”). Construing Plaintiffs argument as an objection to the bankruptcy court’s grant of his motion to reconsider, we hold that the bankruptcy court did not abuse its discretion. See Arrow Electronics, Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir.2000) (holding that we review for abuse of discretion a bankruptcy court’s decision on a motion to reconsider).
2. The district court correctly concluded that the appeal was moot because Plaintiff failed to appeal one of the independent bases for the bankruptcy court’s decision—the validity of the foreclosure sale. See Mendez-Alcaraz v. Gonzales, 464 F.3d 842, 844 (9th Cir.2006) (holding that where an independent basis to affirm exists, we need not reach arguments challenging the other independent bases). Although Plaintiff now challenges the validity of the foreclosure sale in his appeal before this court, we decline to address this argument because he did not raise it before the district court. See Monetary II Ltd. P’ship v. Comm’r, 47 F.3d 342, 347 (9th Cir.1995) (“As a general rule, an appellate court will not consider arguments which were not first raised before the district court, absent a showing of exceptional circumstances.” (internal quotation marks omitted)).
Even if we were to exercise our discretionary authority to reach the issue on appeal, see Focus Media, Inc. v. Nat’l Broadcasting Co., Inc. (In re Focus Media, Inc.), 378 F.3d 916, 927 n. 9 (9th Cir.2004), the bankruptcy court correctly concluded that the foreclosure sale was valid. Plaintiff challenges only the interpretation of the attorneys’ fees clause in the deed of trust as it relates to Defendants’ involvement in Plaintiffs prior bankruptcy proceeding. We review de novo the meaning of a clause in a deed of trust. Kasdan, Simonds, McIntyre, Epstein, & Martin v. World Savings & Loan Assoc. (In re Emery), 317 F.3d 1064, 1069 (9th Cir.2003). Plaintiff contends that Defendants did not “defend” in the bankruptcy proceeding and, under the deed of trust, Plaintiff must pay attorneys’ fees only if Defendants both appear in and defend a proceeding “purporting to affect ... the rights or powers of [Defendants].” We disagree. The plain text of the deed of trust requires Plaintiff to pay attorneys’ fees whenever Defendants appear in a relevant proceeding.
3. The district court did not abuse its discretion in awarding attorneys’ fees to Defendants.
4. We deny Plaintiffs motion for non-monetary sanctions under Rule 11(b)(3) of the Federal Rules of Civil Procedure. We grant Plaintiffs unopposed requests for judicial notice.
JUDGMENT AFFIRMED. MOTION for sanctions DENIED. MOTION for judicial notice GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.